IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **STEFANIE HONEYCUTT** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| **CONVERGENT OUTSOURCING, INC., F/K/A ER SOLUTIONS, INC., SHERMAN FINANCIAL GROUP, LLC, LVNV FUNDING LLC, and RESURGENT CAPITAL SERVICES L.P.,** | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Stefanie Honeycutt (hereinafter "Plaintiff") is a natural person who resides in Blount County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Convergent Outsourcing, Inc., formerly known as ER Solutions, Inc. (hereinafter "Defendant Convergent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

6. Defendant Sherman Financial Group, LLC (hereinafter "Defendant Sherman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

7. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

9. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Washington Mutual.

10. After default, the alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

11. Defendants Sherman, LVNV and Resurgent (hereinafter collectively the "Sherman Defendants") operate as a debt buying enterprise. Defendant Sherman is not simply a parent holding company, though it owns 100% of the shares and interests in Defendants LVNV and Resurgent. Instead, all three Defendants operate as parts of a single business operation. Defendant Sherman provides management and decision-making, Defendant LVNV exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and Defendant Resurgent operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

12. On its webpage, Defendant Sherman explains that it "is a diversified consumer finance company that, through its subsidiaries and affiliates, originates, purchases and services all types of consumer debt in the United States and Mexico."

13. Defendant Sherman further explains online that, "Through its subsidiary and affiliated companies, Sherman is engaged in the direct origination of consumer loans, investment in performing and non-performing consumer debt originated by financial institutions, credit

3

card companies, retailers and others, and the servicing of an array of consumer assets."
See http://www.sfg.com/ last visited July 18, 2012.

14. Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

15. The Sherman Defendants are engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

16. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

17. Despite this prohibition and despite knowing Plaintiff's home address, home telephone number and place of employment, Defendants sent a communication to Plaintiff in connection with the collection of the debt claiming to communicate "with their affiliated financial services companies in connection with administering and collecting accounts" when, under the FDCPA, they clearly could not legally do so.

18. Defendant Convergent is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

*October 27, 2011 Collection Letter*

19. On or about October 27, 2011, Defendant Convergent sent a collection letter to Plaintiff dated October 27, 2011. ***A copy of the October 27, 2011 collection letter is filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").***

20. The October 27, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

21. The October 27, 2011 collection letter states that the creditor of the debt is Defendant LVNV and the balance owed is $1,831.41.

22. The October 27, 2011 collection letter further states that:

> "This notice is being sent to you by a collection agency. The records of LVNV Funding LLC show that your account has a past due balance of $1,831.41. Please contact this office so we can help you resolve your account. My phone number is 877-495-0400.
>
> . . .
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**"

   (Bold and capital letters in original)

23. The October 27, 2011 collection letter was signed by Tori Ferguson.

*Plaintiff's November 30, 2011 Equifax Credit Report*

24. Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

25. On November 30, 2011, Plaintiff obtained a copy of her Equifax credit report dated November 30, 2011, which showed that Defendant LVNV was communicating information to Equifax that Plaintiff owed the alleged debt to Defendant LVNV in the amount of $1,863.00.

26. Defendant LVNV had updated the information it communicated to Equifax as recently as November 2011.

27. The reporting of the alleged debt to Equifax by Defendant LVNV was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See Riveria v. Bank One*, 145 F.R.D. 614 (D. P.R. 1993); *accord Blanks v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is a communication in connection with the collection of a debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. Equifax*, 2002 WL 799856, 2002 U.S. Dist. LEXIS 7884, at *15, (E.D. Pa. April 19, 2002) (reporting a debt is a powerful collection tool); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting bad check information to others is designed to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

28. The communication by Defendant LVNV to Equifax in November 2011 falsely represented that Plaintiff opened the account in August 2011, which was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §§ 1692f.

### *Failure of Defendant Convergent to Send a Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication*

29.   The October 27, 2011 collection letter was the "initial communication" by Defendant Convergent with Plaintiff in connection with the collection of the debt.

30.   Within five days after Defendant Convergent sent the initial communication, in the form of the October 27, 2011 collection letter, the Plaintiff had not paid the debt.

31.   The October 27, 2011 collection letter, the "initial communication", failed to correctly state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1) because it did not disclose the fact that interest is accruing and inform the Plaintiff of the applicable interest rate. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham, Attorneys*, 2011 WL 3489685, at *5 (E.D. Tenn., Aug. 9, 2011).

32.   Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the October 27, 2011 letter, and within one year prior to the filing of the original complaint, Defendant Convergent failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

### *Failure of Defendant Convergent to Send a Written Notice Provide Written Notice of Plaintiff's Right to Dispute the Debt and Obtain Other Information Within Five Days After the Initial Communication*

33.   Additionally, none of the information listed below, was contained in the October 27, 2011 collection letter ("initial communication"), and within five days after the initial communication was sent to Plaintiff in connection with collection of the debt, Plaintiff had not paid the debt, and Defendant Convergent had failed to send Plaintiff a written notice containing—

(a) A statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant Convergent;

(b) A statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant Convergent will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant Convergent; and

(c) A statement that, upon Plaintiff's written request within the thirty-day period, Defendant Convergent will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

34. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the October 27, 2011 letter, and within one year prior to the filing of the original complaint, Defendant Convergent failed to send Plaintiff a written notice containing the above rights and information, in violation of 15 U.S.C. §§ 1692g(a)(3) - (5).

*False Representation of the Amount of the Debt*

35. By failing to state the amount due in the October 27, 2011 collection letter, and indicate any specifics about any charges or fees that may be associated with the debt and accruing on the amount due, including the amount of (a) interest (with the applicable interest rate), (b) other fees, such as late fees, or (c) the amount of attorney fees, Defendant Buffaloe made a false, deceptive, and misleading representation of the amount of the debt in the October 27, 2011 collection letter, in violation of 15 U.S.C. § 1692e(2)(A), which is the

8
Case 3:12-cv-00369-RLJ-HBG   Document 1   Filed 07/19/12   Page 8 of 12   PageID #: 8

use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

*Collection Service Licensing – Defendant LVNV*

36. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

37. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

38. Defendant LVNV is a "collection service" as defined by Tennessee state law.

39. As of November 2011, when Defendant LVNV communicated the information about the alleged debt to Equifax in connection with collection of the debt and in an attempt to collect the debt, Defendant LVNV had not been issued a valid collection service license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee.

40. By attempting to collect the debt from Plaintiff at a time when not licensed as a collection service by the Tennessee Collection Service Board, Defendant LVNV violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

### *Respondeat Superior Liability*

41. In additional to its individual liability under the FDCPA as a "debt collector", the acts and omissions of Defendant Convergent as an agent for the Sherman Defendants and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principals, the Sherman Defendants.

42. The acts and omissions by Defendant Convergent were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by the Sherman Defendants in collecting consumer debts.

43. By committing these acts and omissions against Plaintiff, Defendant Convergent was motivated to benefit its principals, the Sherman Defendants.

44. The Sherman Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by the Sherman Defendants including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

### *Summary*

45. The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### **TRIAL BY JURY**

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

47. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

48. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

49. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/19/2012                                    Respectfully submitted,

                                              **STEFANIE HONEYCUTT**


                                              /s/      Alan C. Lee
                                              Alan C. Lee, Esq., BPR # 012700
                                              Attorney for Plaintiff
                                              P. O. Box 1357
                                              Talbott, TN 37877-1357
                                              (423) 736-0201
                                              info@alanlee.com